The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the record as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The AEGIS Administration Services is the compensation carrier on the risk.
4. Plaintiff's average weekly wage is $411.07, which yields a compensation rate of $274.04 per week.
5. Plaintiff is asserting an injury by accident or a specific traumatic incident on January 2, 1996, resulting in an injury to his back.
6. The defendant-employer has denied liability.
7. Plaintiff is seeking temporary total disability benefits from January 24, 1996 through the present as well as medical expenses and a rating, if applicable.
8. The issue to be determined by the Commission is whether plaintiff, in fact, suffered from an injury by accident or a specific traumatic incident as claimed.
9. The parties stipulated into evidence a group of medical records marked Stipulated Exhibit #1 and a recorded statement.
Based upon the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. On January 2, 1996, plaintiff was employed by defendant-employer in the logging business.
2. On January 2, 1996, plaintiff, along with other employees, went to Wallace, North Carolina, to assist in lifting a stand for a trailer. This was necessary due to the fact that the new driver could not back the truck under the trailer.
3. When the group arrived at the scene, they all went to try to pick up the stand to get it up to the proper height. When plaintiff reached down to pick up the stand, he felt a little pull in his back.
4. Plaintiff thought nothing of it and worked the remainder of the day. He worked two additional weeks until he could no longer tolerate the pain.
5. Plaintiff went to the doctor on February 12, 1996, and he gave a history as to what happened. Plaintiff has been consistent with the manner of his injury with two doctors and in a recorded statement to the carrier. Therefore, the deputy commissioner and likewise, the undersigned, believe the plaintiff's version of what happened, although there is other testimony to the contrary.
6. As a result of the specific traumatic incident of January 2, 1996, plaintiff sustained a direct stretch injury of the sciatic nerve as well as aggravation of his pre-existing degenerative disc disease, as diagnosed by Dr. Melin.
7. Plaintiff is in need of, and would benefit from, on-going medical treatment and is entitled to benefits for his back injury suffered in a specific traumatic incident on January 2, 1996.
8. Plaintiff has not yet reached maximum medical improvement.
9. Plaintiff continues to be temporarily totally disabled from his usual employment as a logger, from January 24, 1996, to the date of the initial hearing and continuing.
 ***********
Based on the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. On January 2, 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment, in that he suffered a specific traumatic incident while performing his assigned job duties, which resulted in a sciatic nerve injury and aggravation of degenerative disc disease. N.C.G.S. § 97-2(6).
2. As a result of his injury by accident, plaintiff has been, and continues to be, temporary totally disabled from January 24, 1996, forward and is entitled to temporary total disability compensation at the rate of $274.04 per week from January 24, 1996 to present, and continuing until such time plaintiff is no longer disabled, returns to work, or until further order by the Commission, N.C.G.S. § 97-29.
3. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of his injury by accident so long as it tends to effect a cure or give relief. N.C.G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $274.04 per week from January 26, 1996 to the present, and continuing until such time as plaintiff is no longer disabled, returns to work, or until further order by the Commission. Such amount which has accrued shall be paid in a lump sum, subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred, or to be incurred by plaintiff, as a result of his injury by specific traumatic incident.
3. An attorney's fee in the amount of twenty-five percent (25%) of the Award is hereby approved for plaintiff's counsel. Said amount shall be deducted from the amount accrued and shall be paid directly to plaintiff's counsel. In addition, every fourth check due plaintiff shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission docket.
This the ___ day of January, 1999.
 S/_________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/______________________ THOMAS J. BOLCH COMMISSIONER
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER